O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VERONICA VILLARREAL,

           Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

           Defendant.

Case No. 5:15-CV-02602 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In November of 2011, Plaintiff Veronica Villarreal applied for Disability Insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorney, William M. Kuntz, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8, 9, 22). On August 2, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 21).

## II. BACKGROUND

Plaintiff applied for Disability Insurance benefits on November 23, 2011, alleging disability beginning October 21, 2008, due to a back impairment. (T at 216).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On October 30, 2013, a hearing was held before ALJ Tamara Turner-Jones. (T at 26). Plaintiff appeared with her attorney. (T at 26). The hearing was adjourned to allow Plaintiff to provide additional documents. (T at 35). A second hearing was held on June 18, 2014, before a different ALJ, Alan J. Markiewicz. (T at 37). Plaintiff again appeared with her attorney. (T at 37). The ALJ received testimony

---

[1] Citations to ("T") refer to the administrative record at Docket No. 13.

from Plaintiff (T at 45-67) and from Sandra Fioretti, a vocational expert. (T at 67-74).

On August 12, 2014, ALJ Markiewicz issued a written decision denying the application for benefits. (T at 8-25). The ALJ's decision became the Commissioner's final decision on October 23, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On December 22, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on February 29, 2016. (Docket No. 12). The parties filed a Joint Stipulation on May 24, 2016. (Docket No. 16).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

### III. DISCUSSION

**A.   Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),

4

DECISION AND ORDER – VILLARREAL v COLVIN 5:15-CV-02602-VEB

416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the

1  decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).   It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.  Commissioner's Decision**

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013 (the "date last insured"). (T at 13). The ALJ found that Plaintiff did not engage in substantial gainful activity between October 21, 2008 (the alleged onset date) and the date last insured. (T at 13).

The ALJ concluded that Plaintiff's disc disease of the lumbar spine was a "severe" impairment under the Act. (Tr. 13). However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 15).

The ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined under 20 CFR § 404.1567 (b), as follows: she can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours in an 8-hour workday with customary breaks; sit for 6 hours in an 8-hour workday with customary breaks; she can occasionally climb ladders, ropes, and scaffolds; she can frequently climb ramps and stairs; she can occasionally stoop and crouch; and she can frequently balance, kneel, and crawl. (T at 16).

The ALJ concluded that, as of the date last insured, Plaintiff could perform her past relevant work as a data entry clerk. (T at 20).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between October 21, 2008 (the alleged onset date) and the date last insured and was therefore not entitled to benefits. (T at 21). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

**D.     Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 20, at p. 4), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed. First, Plaintiff contends that the ALJ did not adequately assess her residual functional capacity. Second, she challenges the ALJ's credibility determination. This Court will address both arguments in turn.

## IV. ANALYSIS

**A.     RFC**

An ALJ's assessment of the claimant's residual functional capacity ("RFC") must be upheld if the ALJ has applied the proper legal standard and substantial evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1).

In determining the claimant's RFC, the ALJ considers those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. *See Bayliss*, 427 F.3d at 1217; *see also Batson v. Comm'r*

*of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that the ALJ was not required to incorporate into RFC findings from treating-physician opinions that were "permissibly discounted").

As noted above, the ALJ determined that Plaintiff retained the RFC to perform light work, as defined under 20 CFR § 404.1567 (b), as follows: she can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours in an 8-hour workday with customary breaks; sit for 6 hours in an 8-hour workday with customary breaks; she can occasionally climb ladders, ropes, and scaffolds; she can frequently climb ramps and stairs; she can occasionally stoop and crouch; and she can frequently balance, kneel, and crawl. (T at 16).

For the following reasons, this Court finds the ALJ's decision supported by substantial evidence.

With regard to Plaintiff's complaints of depression, the ALJ relied on the March 2012 assessment of Dr. Romualdo Rodriguez, a consultative examiner. Dr. Rodriguez conducted a mental status examination and his findings were unremarkable. (T at 616-18). He assigned a Global Assessment of Functioning ("GAF") score[2] of 65 (T at 618). "A GAF of 61-70 indicates '[s]ome mild symptoms

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

(e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.'" *Tagger v. Astrue*, 536 F. Supp. 2d 1170, 1174 n.8 (C.D. Cal. 2008).

Dr. Rodriguez assessed only slight limitations with regard to Plaintiff's abilities to perform work-related activities and opined that Plaintiff's symptoms would resolve within 12 months if treated. (T at 618-19).

The ALJ also noted that Plaintiff had never been hospitalized for psychiatric problems and had no history of regular, ongoing treatment with a mental health professional. (T at 15). *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012)(finding that "it was reasonable for the ALJ to conclude that the 'level or frequency of treatment [was] inconsistent with the level of complaints.'")(quoting SSR 96-7p).

With regard to Plaintiff's physical limitations, the ALJ provided a detailed discussion of the clinical findings and diagnostic imaging (including MRIs, x-rays, and an electromyographic study of the lower extremities), all of which were within normal limits. (T at 17). The ALJ also noted that Plaintiff received conservative treatment (i.e. chiropractic care, physical therapy, acupuncture, medications, pool exercises, stretching, and walking). (T at 17).

Dr. Terrance Flanagan performed a consultative orthopedic evaluation in March of 2012. Dr. Flanagan's physical examination findings were generally normal (T at 607-09). He diagnosed lumbar myofascial strain and lumbar degenerative joint disease. (T at 610). Dr. Flanagan opined that Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently; stand/walk 6 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday. (T at 610). He found that Plaintiff was limited to frequent stooping, kneeling, and crouching, but had no manipulative, visual, communicative, or environmental limitations. (T at 610).

Dr. Vivente Bernade performed a consultative orthopedic evaluation in February of 2014. His physical and neurological examination findings were generally unremarkable. (T at 777-79). Dr. Bernade diagnosed degenerative disc disease of the lumbar spine and lumbar musculoligamentous strain. (T at 779-80). Dr. Bernade opined that Plaintiff had no restriction as to pushing or pulling; could lift 50 pounds occasionally and 25 pounds frequently; could walk/stand for 6 hours in an 8-hour workday; could sit for 6 hours in an 8-hour day; had no fine or gross manipulative limitations; was limited to frequent bending, kneeling, stooping, crawling, crouching, walking on uneven terrain, climbing ladders, or working with heights. (T at 780).

Although the ALJ credited, in part, Plaintiff's subjective complaints and rendered a more restrictive RFC determination than the consultative examiners' opinions, the consultative opinions nevertheless contradict Plaintiff's argument that the RFC was not restrictive enough.

Dr. Aaron Allen provided a consultative opinion in November 2010 in connection with a workers' compensation claim. Dr. Allen noted the "paucity of objective finding[s]" and opined that Plaintiff was not "a candidate for surgery." (T at 371). He recommended antidepressants. (T at 371).

In an opinion not addressed by the ALJ, Dr. Khashaya Sadeghi opined that Plaintiff was limited to lifting/carrying no more than 16 pounds, could not sit for more than 40 minutes or stand for more than 25 minutes, and should avoid all postural activities. (T at 766). However, Dr. Sadeghi is a chiropractor and, as such, is not an "acceptable medical source."[3] Although the ALJ should have addressed this opinion, it was not entitled to any special weight, and there is sufficient other evidence (including, as discussed above, consultative physician opinions, conservative treatment, clinical testing, and diagnostic imaging) to support the ALJ's

---

[3] Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p.

decision. An ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination").

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of a more restrictive RFC determination. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v.*

*Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: She was 56 years old at the time of the administrative hearing. She has a high school education. (T at 45). She last worked in 2008 at a warehouse distribution center. (T at 46). She injured her lower back when attempting to lift a box. (T at 51). Her treatment including physical therapy and pool therapy. (T at 52). She treats her pain with ibuprofen, soaking in cool water, and laying down. (T at 54-55). Sitting and standing are limited to 15 minutes. (T at 56). Lifting a gallon of milk would cause back pain. (T at 56). Sometimes her hands "feel like they're on fire," with radiating pain. (T at 57).

She lives in a house with her mother. She eats microwave meals and tries to clean but "it's just too much …." (T at 58). Her mother does the laundry. Driving is limited to one time per month due to pain. (T at 59). She feels depressed, but does not see a doctor for mental health treatment. (T at 60). She has good days and bad days. (T at 60). She might try laundry or shopping on a good day, but finds these activities difficult. (T at 60-61). She has a good work history. (T at 62). She took various medications for pain (including Motrin 800, "Norco", Predisone, and a fentanyl patch), but experienced nausea as a side effect without any pain relief. (T at 63). Her pain has gotten worse over time. (T at 64). She needs help getting dressed. (T at 64). She cannot perform any of her past work because she cannot sit for prolonged periods and has difficulty concentrating because of pain. (T at 66).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 18).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

First, as discussed above, the clinical findings, diagnostic imaging, and consultative examiner opinions did not support Plaintiff's claims of disabling limitations. Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Second, the treatment history was conservative, with surgery either not recommended or declined, and there were extended periods where Plaintiff was not treated with any medication or with over-the-counter analgesics. (T at 18-19). "Evidence of 'conservative treatment' is sufficient to discount a claimant's

testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Plaintiff also showed no signs of muscle atrophy, which one might expect if her symptoms were as debilitating as alleged. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999).

Third, the ALJ noted that Plaintiff maintained adequate grooming and hygiene, drove occasionally, ran errands, went shopping, prepared simple meals, and performed light chores. (T at 18). When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

For the reasons outlined above, this Court finds no reversible error with regard to the ALJ's credibility determination. *See Tommasetti v. Astrue*, 533 F.3d 1035,

1039 (9th Cir. 2008)("If the ALJ's credibility finding is supported by substantial evidence, the court may not engage in second-guessing.").

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order and serve copies upon counsel for the parties.

DATED this 15th day of November, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE